UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIFE INSURANCE FUND ELITE LLC,

        Plaintiff,

  -v-

HAMBURG COMMERCIAL BANK AG, CERBERUS EUROPEAN CAPITAL ADVISORS, LLP, and PROMONTORIA HOLDING 260 BV,

        Defendants.

---

22-cv-7423 (JSR)

OPINION AND ORDER

JED S. RAKOFF, U.S.D.J.:

    This case turns on the Court's subject matter jurisdiction. The underlying dispute concerns a suite of life insurance policies that plaintiff Life Insurance Fund Elite LLC ("LIFE") pledged as collateral (the "Collateral") on a loan facility (the "Loan") extended by defendant Hamburg Commercial Bank AG ("Hamburg"). On August 30, 2022, LIFE filed the Complaint, which asserted a variety of state-law claims in relation to Hamburg's alleged misuse of the Collateral. See Compl., ECF No. 1. On October 14, 2022, plaintiff's counsel acknowledged that the Court likely lacked subject matter jurisdiction over the Complaint. See Decl. of William H. Gussman, Jr., ECF No. 31, Ex. 1. But then LIFE abruptly amended the Complaint, adding a civil RICO claim, a claim that arises under federal law. See ECF No. 25. On November 11, 2022, defendants Hamburg, Cerberus European Capital Advisors, LLP ("Cerberus

1

European"), and Promontoria Holding 260 BV ("Promontoria") moved to dismiss the First Amended Complaint ("FAC") for lack of subject matter jurisdiction. See ECF No. 29.

After full briefing, the Court held argument on defendants' motion to dismiss on December 12, 2022. The Court then granted defendants' motion in a "bottom-line" order dated December 29, 2022. That Order promised that an opinion would follow which would set forth the reasons for the Order. Here is that Opinion.

I.   Plaintiff's Allegations

Plaintiff LIFE is a private equity fund. FAC, ¶ 3. In 2007, LIFE secured the $150 million Loan from HSH Nordbank AG, a German bank and the predecessor to defendant Hamburg. FAC, ¶ 48. By 2013, LIFE had defaulted on the Loan. FAC, ¶ 4. After default, in January of 2013, LIFE and Hamburg entered into a standstill agreement, pursuant to which LIFE granted to Hamburg the right to dispose of the Collateral and to apply the proceeds of such sale against LIFE's outstanding loan obligations. FAC, Ex. 2, § 2.1. LIFE also waived its right to notice of any sale of the Collateral. Id.

In February 2018, Hamburg was sold to a group of private equity investors including Cerberus Capital Management, a non-party. FAC, ¶ 106. In connection with this sale, Hamburg sold a large portfolio of loans and assets, valued at over €2 billion, to defendant Promontoria, a Dutch private holding company. FAC, ¶¶

2

24, 107. This portfolio included both the Loan and the Collateral. FAC ¶¶ 116-17. LIFE alleges that the sale of the Loan and of the Collateral violated the material terms of the loan agreement between LIFE and Hamburg. FAC, ¶¶ 112-14. Consequently, LIFE alleges, Promontoria never gained any right in the Collateral. FAC, ¶ 119.

Nonetheless, in the spring of 2019, Hamburg and defendant Cerberus European (a UK private investment manager) working in concert with Houlihan Lokey (a U.S. investment bank) sold the Collateral. FAC, ¶ 124. The Collateral was sold for approximately $31.5 million. FAC, ¶ 33. LIFE alleges that it was not notified of the sale. Had it been notified of the sale, LIFE alleges, it would have been prepared to beat the winning $31.5 million bid. FAC, ¶ 33. In fact, as of 2019, LIFE valued the Collateral at approximately $72 million. FAC, ¶ 36. Because the defendants failed to maximize the sale value of the Collateral, LIFE alleges, LIFE suffered harm.

II.   Discussion

Defendants move to dismiss the First Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all

3

reasonable inferences in favor of the party asserting jurisdiction." Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014).

Defendants' main argument invokes what is sometimes called the "time-of-filing doctrine."[1] Under this doctrine, "[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570 (2004). While a complaint should not be dismissed simply because it initially contained a "technical" deficiency that was subsequently cured through amendment, amendment of a complaint cannot "create jurisdiction retroactively where none existed." Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co., 700 F.2d 889, 893 (2d Cir. 1983). In this case, LIFE concedes that the Court lacked subject matter jurisdiction over the initial Complaint.[2] And LIFE's amendment of

---

[1] In the alternative, defendants argue that LIFE's RICO claims should be dismissed under Rule 12(b)(6) and that, once those claims are dismissed, the Court lacks subject matter jurisdiction over the First Amended Complaint. Since the Court finds that it lacks subject matter jurisdiction even if the RICO claims are preserved, it need not address this argument.

[2] More specifically, LIFE concedes that the Court lacked diversity jurisdiction over the Complaint. See Conference of Dec. 12, 2022, Tr. 2:22-23 ("We do not contest the defendant's [sic] position that the plaintiff lacks diversity jurisdiction."). The Court also lacked subject matter jurisdiction based on any claim that the Complaint raised a federal question. See 28 U.S.C. § 1331 (providing subject matter jurisdiction for cases "arising under the Constitution, laws, or treaties of the United States."). Ordinarily, federal question jurisdiction extends only to cases in

4

the Complaint did not cure a mere technical deficiency; it stated an entirely new cause of action. Cf. Asset Value Fund Ltd. P'ship v. The Care Grp., Inc., 179 F.R.D. 117, 119 (S.D.N.Y. 1998) ("[Plaintiff's] motion to add a federal securities fraud claim seeks not to correct a defect in the allegation of extant and otherwise valid jurisdictional facts, but to add an entirely new cause of action, based on facts not alleged in the original complaint, to create a different basis for federal subject matter jurisdiction."); Broad v. DKP Corp., No. 97 Civ. 2029 (LAP), 1998 WL 516113, at *7 (S.D.N.Y. Aug. 19, 1998) (finding no subject-matter jurisdiction when plaintiff initially asserted diversity jurisdiction, defendant challenged jurisdiction on that basis, and plaintiff subsequently attempted to cure by appending a RICO claim). So, defendants argue, dismissal is required by a straightforward application of the time-of-filing doctrine.

---

which a federal question appears on the face of a well-pleaded complaint. See Louis & Nashville Railroad v. Mottley, 211 U.S. 149 (1908). The main exception to this rule is that federal question jurisdiction extends to a state law claim as to which a claimant's right to relief necessarily depends on the resolution of a substantial question of federal law. See Franchise Tax Board v Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 13 (1983); Smith v. Kansas City Title and Trust Co., 255 U.S. 180, 199-202, 41 S.Ct. 243, 65 L.Ed. 577 (1921); West 14th Street Commercial Corp. v. 5 West 14th Owners Corp., 815 F.2d 188, 196 (2d Cir. 1987). Here, the Complaint asserts only state law claims. Moreover, those claims -- garden-variety common-law claims concerning breach of contract and breach of fiduciary duty -- do not raise any significant federal question.

5

LIFE responds that defendants overread the law. LIFE cites to Rockwell Int'l Corp. v. United States, in which the Supreme Court observed, "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." 549 U.S. 457, 473-74 (2007). And, LIFE adds, this case fits the conditions that seem to be articulated in Rockwell: LIFE filed the Complaint in federal court and then subsequently amended it.

But LIFE overreads Rockwell. In Rockwell, the district court had subject matter jurisdiction over the allegations stated in the initial complaint but not those stated in the amended complaint. Id. at 464, 475-76; see also Gale v. Chicago Title Ins. Co., 929 F.3d 74, 78 (2d Cir. 2019) ("Therefore, because a court can look only to the amended complaint to ascertain jurisdiction, withdrawal of those allegations that support a court's jurisdiction will defeat jurisdiction unless they are replaced by others that establish jurisdiction."); In Touch Concepts, Inc. v. Cellco P'ship, 788 F.3d 98, 101 (2d Cir. 2015) ("So if this case had been filed originally in federal court, the district court would have had to dismiss it as soon as Zcom filed the First Amended Complaint, which dropped all class-action allegations and thereby destroyed the only basis for federal jurisdiction."). So Rockwell does not establish a permissive rule that allows a plaintiff to create subject matter jurisdiction by amending the

6

complaint. To the contrary, it narrows the scope of subject matter jurisdiction.

That being the case, the general rule enunciated in Grupo Dataflux and Pressroom -- that amendment of a complaint cannot create subject-matter jurisdiction out of thin air -- is binding on the Court and controls the disposition of this case. Thus, the Court reconfirms its Order of December 29, 2022. Defendants' motion to dismiss for lack of subject matter jurisdiction is hereby granted, and the First Amended Complaint is hereby dismissed with prejudice and without leave to amend.

The Clerk is respectfully directed to enter judgment and close the case.

SO ORDERED.

New York, NY
February 7, 2023

JED S. RAKOFF, U.S.D.J.